**Juan Jose MARTINEZ–ROLDAN; Juan Jose Martinez–Catalan, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75968.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

Juan A. Laguna, Esquire, Law Offices of Juan A. Laguna, Juan Jose Martinez–Roldan, Santa Ana, CA, for Petitioners.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Susan K. Houser, Esquire, Oil, Leah V. Durant, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

Juan Jose Martinez–Roldan and his son, Juan Jose Martinez–Catalan, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order dismissing Martinez–Roldan's appeal from an immigration judge's decision pretermitting his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006), we grant the petition for review and remand.

An intervening change in the law requires us to remand. In *Ibarra–Flores,* we held that administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the terms of the departure and knowingly and voluntarily accepts them. *See* 439 F.3d at 619–20; *see also Tapia v. Gonzales,* 430 F.3d 997, 1004 (9th Cir.2005). There is no

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

indication in the record that Martinez–Roldan was informed of the terms of his departure or that he accepted them knowingly and voluntarily.

The agency "should be given the first opportunity to assess the consequences of [Martinez–Roldan's] departure under the 'knowing and voluntary' standard." *Ibarra–Flores,* 439 F.3d at 620. We therefore grant the petition for review and remand for further proceedings.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.